UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CU NGUYEN,<br><br>         Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,<br><br>         Defendant. | Case No.: 18-cv-00590-H-KSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>[Doc. No. 37.] |

On June 8, 2021, Plaintiff Cu Nguyen filed a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and Ninth Circuit Rule 39-1.6. (Doc. No. 37.) On July 22, 2021, Defendant filed a response in opposition to Plaintiff's motion for attorney's fees. (Doc. No. 42.) On August 2, 2021, the Court took the matter under submission. (Doc. No. 43.) On August 4, 2021, Plaintiff filed a reply. (Doc. No. 46.) For the reasons below, the Court grants Plaintiff's motion for attorney's fees.

### Background

On August 29, 2013, Plaintiff applied for disability insurance benefits and supplemental security income, claiming a disability onset date of May 15, 2011. (Doc. No. 10-2 at 48, 10-5 at 1–21.) The Social Security Administration ("SSA") initially denied Plaintiff's application on December 30, 2013 and denied reconsideration on April 24, 2014.

(Doc. No. 10-4 at 2–6, 9–13.)  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on June 24, 2014.  (Id. at 17–18.)  The ALJ held a hearing on Plaintiff's application on August 30, 2016.  (Doc. No. 10-2 at 54–96.)  At the conclusion of the hearing, the ALJ determined that Plaintiff was not disabled from May 15, 2011, the alleged onset date, through September 22, 2016, the date of the ALJ's decision.  (Id. at 47–48.)  On January 29, 2018, the Social Security Appeals Council then denied Plaintiff's request for review, rendering the ALJ's decision final.  (Id. at 2–7.)

On July 29, 2019, the Court denied Plaintiff's motion for summary judgment, granted the government's motion for summary judgment, and affirmed the ALJ's order.  (Doc. No. 29.)  Plaintiff appealed.  (Doc. No. 30.)

On April 1, 2021, the Ninth Circuit reversed and remanded "'to the district court with instructions to remand to the ALJ on an open record for further proceedings.'"  (Doc. No. 35 at 5.)  The Ninth Circuit held that the ALJ's resolution of the conflicting medical evidence was not based on a "legitimate" reason that is supported by substantial evidence.  (Id. at 3.)  The Ninth Circuit further held that because the ALJ "relied on his flawed evaluation of the medical evidence" in rejecting other testimony, the ALJ did not properly discount that testimony.  (Id. at 5.)

On May 25, 2021, the Ninth Circuit issued its mandate.  (Doc. No. 35.)  By the present motion, Plaintiff moves for $50,119.22 in attorney's fees and $1,065 in costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.  (Doc. No. 37-1 at 21.)

**Discussion**

**I.    Legal Standards**

The Equal Access to Justice Act provides: "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

"Substantial justification means 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'"  Meier v. Colvin, 727 F.3d

867, 870 (9th Cir. 2013) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" Id. (quoting Pierce, 487 U.S. at 565). "The 'position of the United States' includes both 'the position taken by the United States in the civil action' as well as the agency's action or inaction 'upon which the civil action is based.'" Gardner, 856 F.3d at 656 (quoting 28 U.S.C. § 2412(d)(2)(D)).

"The decision whether to award fees under the EAJA, including the district court's conclusion that the government's position was substantially justified, is reviewed for abuse of discretion." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001) (citing Pierce, 487 U.S. at 565). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Id.

## II. Analysis

### A. Whether to Award Attorney's Fees

As an initial matter, "'[b]efore deciding whether an award of attorney's fees is appropriate . . . a court must determine whether the party seeking fees has prevailed in the litigation.'" Wood v. Burwell, 837 F.3d 969, 973 (9th Cir. 2016) (quoting CRST Van Expedited, Inc. v. E.E.O.C., 136 S. Ct. 1642, 1646 (2016)). The government does not dispute that Plaintiff is a "prevailing party" under the EAJA. (See generally Doc. No. 42.) See Hill v. Comm'r of Soc. Sec., 428 F. Supp. 3d 253, 259 (E.D. Cal. 2019) ("A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA." (citing Shalala v. Schaefer, 509 U.S. 292, 300–01 (1993))); Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded.").

Rather, the government argues that Plaintiff is not entitled to EAJA fees because the Commissioner's position was substantially justified. (Doc. No. 42 at 4-6.) It is the government's burden to show that its position was substantially justified. See Gutierrez, 274 F.3d at 1258.

Here, the Ninth Circuit held that "the ALJ's resolution of the conflicting medical evidence was not based on a 'legitimate' reason that is supported by substantial evidence." (Doc. No. 35 at 3.) The Ninth Circuit explained that the ALJ identified insufficient evidence in the record to support "the assertion that 'Dr. Ning has had the opportunity to treat the claimant over time' and had a 'treating relationship of a longer duration.'" (Id. at 3-4.) The Ninth Circuit noted that the record showed that a different doctor, Dr. Henderson, "indisputably had a long-term treating relationship" with Plaintiff. (Id. at 4.) Thus, "the ALJ's stated reason for favoring Dr. Ning's opinion provide[d] no grounds for rejecting Dr. Henderson's. If anything, that rationale would favor accepting Dr. Henderson's views rather than Dr. Ning's." (Id.) In addition, the Ninth Circuit explained that "the ALJ failed to adequately address the difference in time frame reflected in the conflicting medical testimony." (Id.)

The Court acknowledges that it came to a different conclusion than the Ninth Circuit when the matter was before this Court. Nevertheless, in light of the Ninth Circuit's analysis, the government has failed to show that its position was reasonable in law and fact, i.e., "substantially justified." As such, Plaintiff is entitled to attorney's fees under the EAJA.

B.   Amount of Fees

"[C]ourts should apply what is now called the 'lodestar' method to determine what constitutes a reasonable attorney's fee under 42 U.S.C. § 1988, the fee shifting statute applicable in civil rights cases." Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012). "To calculate the lodestar amount, the court multiplies 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

Assessing how much time an attorney can reasonably spend on a case "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained." Costa, 690 F.3d at 1136. "[C]ourts should generally defer to the 'winning lawyer's professional

judgment as to how much time he was required to spend on the case.'" Id.

"EAJA provides that fees may be awarded based upon prevailing market rates for the kind and quality of the services furnished, except that attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Nadarajah v. Holder, 569 F.3d 906, 911 (9th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(2)(A)). "The Ninth Circuit has provided that, except in unusual circumstances, a cost of living increase should be granted to adjust for inflation." Cath. Soc. Servs., Inc. v. Napolitano, 837 F. Supp. 2d 1059, 1072 (E.D. Cal. 2011) (citing Animal Lovers Volunteer Ass'n, Inc. v. Carlucci, 867 F.2d 1224, 1227 (9th Cir. 1989)); accord Souphalith v. Astrue, No. 06-CV-01410-H (AJB), 2009 WL 35471, at *4 (S.D. Cal. Jan. 5, 2009); see also Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001) ("District courts may adjust that fee to compensate for an increase in the cost of living.").

As an initial matter, Plaintiff requests a $50 per hour "special factor" fee enhancement. (Doc. No. 37-1 at 11-19.) Plaintiff argues that his counsel is entitled to this "specifical factor" enhancement because of her fluency in Vietnamese and because of her experience in civil rights litigation and social security law. (Id. at 11.)

"Enhanced hourly rates based on the special factor of the limited availability of qualified attorneys for the proceedings involved may be awarded under EAJA where the attorneys possess 'distinctive knowledge' and 'specialized skill' that was 'needful to the litigation in question' and 'not available elsewhere at the statutory rate.'" Nadarajah, 569 F.3d at 912. "Examples of the former would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language." Pierce v. Underwood, 487 U.S. 552, 572 (1988).

Plaintiff's counsel contends that her combination of social security litigation expertise and knowledge of the Vietnamese language is found almost exclusively in her firm. (Doc. No. 37-1 at 12.) Plaintiff also asserts that there was no attorney in San Diego besides his counsel who was willing to represent him without requesting an advanced

payment of legal fees. (Id. at 14.) Plaintiff contends an enhancement is proper because there were no other attorneys that would represent him without an advance payment of legal fees. But that is not the standard for obtaining a special factor enhancement. Plaintiff must show that there were no other attorneys with the knowledge and skills at issue at the statutory rate. See Nadarajah, 569 F.3d at 912. The standard says nothing about the advanced payment of legal fees. As such, the Court declines to award Plaintiff a $50 "special factor" enhancement.

The government argues that Plaintiff's fee request is unreasonable and should be reduced. (Doc. No. 42 at 6-10.) Specifically, the government challenges several of the billing entries in Plaintiff's fee request. (See id. at 7-10.) The Court has reviewed each of the challenged entries, and the Court concludes that Plaintiff's request of 196 hours is reasonable. The Court agrees with Plaintiff that this is a complex case involving almost 600 pages of medical records that span a period of five years (2011-2017).

In sum, the Court concludes that a reasonable attorney's fee under 42 U.S.C. § 1988 is 196 hours multiplied by the Ninth Circuit's statutory maximum rates under the EAJA.[1] Specifically, the Court awards Plaintiff $40,428 in reasonable attorney's fees under the EAJA.[2]

C. Costs

In addition to attorney's fees, Plaintiff seeks an award of costs and expenses under the EAJA. (Doc. No. 37-1 at 19.) "As the prevailing party in this litigation, plaintiff is entitled to an award of costs and expenses under the EAJA." Patterson v. Apfel, 99 F. Supp. 2d 1212, 1215 (C.D. Cal. 2000) (citing 28 U.S.C. § 2412(a)(1), (d)(1)(A), and

---

[1] The Ninth Circuit's statutory maximum rates can be found at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Aug. 7, 2021). The rates listed are $201.60 in 2018; $205.25 in 2019; $207.78 in 2020; and $213.74 in 2021.

[2] The specific calculation behind this award is 59.5 hours (2018) x $201.60 = $11,995.20; 15 hours (2019) x $205.25 = $3,078.75; 103.25 hours (2020) x $207.78 = $21,453.29; 18.25 hours (2021) x $213.74 = $3,900.76.

(d)(2)(A)).

Plaintiff requests costs and expenses in the amount of $1,065, which is comprised of $570 for paralegal services, $425 in copying costs, and $70 in mailing costs. (Doc. No. 37-1 at 19.) The requested costs are recoverable under the EAJA. See Rosemary G. V. v. Saul, No. 3:19-CV-00715-RBM, 2020 WL 6703123, at *4 (S.D. Cal. Nov. 12, 2020) ("As to paralegal time, these are recoverable fees under the EAJA." (citing Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 581 (2008))); Greer v. Berryhill, No. 1:16-CV-0042R-JLT, 2018 WL 3197792, at *8 (E.D. Cal. June 26, 2018) ("Plaintiff's photocopying and postage costs are also compensable as expenses under the EAJA." (citing Aston v. Sec'y of Health & Human Servs., 808 F.2d 9, 12 (2d Cir. 1986))). Accordingly, the Court awards Plaintiff $1,065 in costs and expenses under the EAJA.

D. Payment

Plaintiff requests that the payment of attorney's fees and costs be done directly to his counsel pursuant to an assignment agreement between them. (Doc. No. 37-1 at 20-21.) In response, the government argues that any fees awarded should be paid to Plaintiff, not counsel, because Plaintiff has failed to establish that he has met the requirements of the Anti-Assignment Act. (Doc. No. 42 at 10-11.)

Under the EAJA, fees are payable to the "prevailing party." 28 U.S.C. § 2412(d)(1)(A); Astrue v. Ratliff, 560 U.S. 586, 590 (2010). "As a result, the payment is subject to a government offset to satisfy any pre-existing debt owed by a claimant." Hill v. Comm'r of Soc. Sec., 428 F. Supp. 3d 253, 266 (E.D. Cal. 2019) (citing Ratliff, 560 U.S. at 592–93).

"[T]he Anti-Assignment Act, 31 U.S.C. § 3727 applies to an assignment of EAJA fees in a Social Security Appeal for disability benefits." Yesipovich v. Colvin, 166 F. Supp. 3d 1000, 1011 (N.D. Cal. 2015); accord Hill v. Comm'r of Soc. Sec., 428 F. Supp. 3d 253, 267 (E.D. Cal. 2019). The Anti-Assignment Act "prohibits the 'assignment of any part of a claim against the United States Government or of an interest in that claim; or the authorization to receive payment for any part of the claim,' unless certain conditions are

met." United States v. Kim, 806 F.3d 1161, 1169 (9th Cir. 2015) (31 U.S.C. § 3727(a)(1)-(2)).  Those conditions are as follows:

> An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued.  The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses.  The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment.  The certificate shall state that the official completely explained the assignment when it was acknowledged.  An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b).  "[I]n modern practice, the obsolete language of the Anti-Assignment Act means that the Government has the power to pick and choose which assignments it will accept and which it will not."  Kim, 806 F.3d at 1169–70.

The government argues that Plaintiff has failed to establish that he has complied with the conditions set forth in the Anti-Assignment Act. (Doc. No. 42 at 11.)  The Court agrees with the government.  In response, Plaintiff does not attempt to show that he has met the requirements.  Instead, Plaintiff merely cites to other cases where Courts have ordered that payment be made directly to counsel.  (See Doc. No. 46 at 9.)  That is insufficient.  As such, the Court will not order that the payment be made directly to Plaintiff's counsel.

## Conclusion

For the reasons above, the Court grants Plaintiff's motion for attorney's fees.  Specifically, the Court awards Plaintiff $40,428 in attorney's fees and $1,065 in costs and expenses under the EAJA.

**IT IS SO ORDERED.**

DATED: August 27, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT