UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CU NGUYEN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,<br><br>　　　　　　　　　　　Defendant. | Case No.: 18-cv-00590-H-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 49.] |

On October 13, 2021, Plaintiff Cu Nguyen filed a motion for partial reconsideration of the Court's August 27, 2021 order. (Doc. No. 49.) On November 1, 2021, Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, filed a response in opposition to Plaintiff's motion for reconsideration. (Doc. No. 50.) On November 5, 2021, Plaintiff filed a reply. (Doc. No. 51.)

A hearing on Plaintiff's motion for reconsideration is currently scheduled for Monday, November 15, 2021 at 10:30 a.m. The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the reasons below, the Court denies Plaintiff's motion for reconsideration.

///

**Background**

On August 29, 2013, Plaintiff applied for disability insurance benefits and supplemental security income, claiming a disability onset date of May 15, 2011. (Doc. No. 10-2 at 48, 10-5 at 1–21.) The Social Security Administration ("SSA") initially denied Plaintiff's application on December 30, 2013 and denied reconsideration on April 24, 2014. (Doc. No. 10-4 at 2–6, 9–13.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on June 24, 2014. (Id. at 17–18.) The ALJ held a hearing on Plaintiff's application on August 30, 2016. (Doc. No. 10-2 at 54–96.) At the conclusion of the hearing, the ALJ determined that Plaintiff was not disabled from May 15, 2011, the alleged onset date, through September 22, 2016, the date of the ALJ's decision. (Id. at 47–48.) On January 29, 2018, the Social Security Appeals Council then denied Plaintiff's request for review, rendering the ALJ's decision final. (Id. at 2–7.)

On July 29, 2019, the Court denied Plaintiff's motion for summary judgment, granted the government's motion for summary judgment, and affirmed the ALJ's order. (Doc. No. 29.) Plaintiff appealed. (Doc. No. 30.)

On April 1, 2021, the Ninth Circuit reversed and remanded "'to the district court with instructions to remand to the ALJ on an open record for further proceedings.'" (Doc. No. 35 at 5.) The Ninth Circuit held that the ALJ's resolution of the conflicting medical evidence was not based on a "legitimate" reason that was supported by substantial evidence. (Id. at 3.) The Ninth Circuit further held that because the ALJ "relied on his flawed evaluation of the medical evidence" in rejecting other testimony, the ALJ did not properly discount that testimony. (Id. at 5.) On May 25, 2021, the Ninth Circuit issued its mandate. (Doc. No. 35.)

On remand, Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 37.) On August 27, 2021, the Court granted Plaintiff's motion for attorney's fees, and the Court awarded Plaintiff $40,428 in attorney's fees and $1,065 in costs and expenses under the EAJA. (Doc. No. 48 at 8.) By the present motion, Plaintiff moves for partial reconsideration of the Court's August 27,

2021 order granting his motion for attorney's fees. (Doc. No. 49-1.)

## Discussion

### I. Legal Standards for a Motion for Reconsideration

A district court has inherent jurisdiction to modify, alter, or revoke a prior order. United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000). "Reconsideration [of a prior order] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see C.D. Cal. Civ. L.R. 7-18.

Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("'[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . .'"). A motion for reconsideration may not be used to relitigate old matters, or to raise arguments or present evidence for the first time that reasonably could have been raised earlier in the litigation. Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008); see Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) ("A [motion for reconsideration] may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). "A party seeking reconsideration must show more than a disagreement with the Court's decision." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001); accord Huhmann v. FedEx Corp., No. 13-CV-00787-BAS NLS, 2015 WL 6128494, at *2 (S.D. Cal. Oct. 16, 2015).

### II. Analysis

Plaintiff moves for partial reconsideration of the Court's August 27, 2021 order granting his motion for attorney's fees. (Doc. No. 49-1 at 1.) Specifically, Plaintiff moves for reconsideration of the Court's denial of Plaintiff's requested $50 per hour "special

factor" fee enhancement. (Id. at 1, 3-8.)

"Enhanced hourly rates based on the special factor of the limited availability of qualified attorneys for the proceedings involved may be awarded under EAJA where the attorneys possess 'distinctive knowledge' and 'specialized skill' that was 'needful to the litigation in question' and 'not available elsewhere at the statutory rate.'" Nadarajah v. Holder, 569 F.3d 906, 912 (9th Cir. 2009). "Examples of the former would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language." Pierce v. Underwood, 487 U.S. 552, 572 (1988).

In the August 27, 2021 order, the Court provided the following reasoning for denying Plaintiff's request for a $50 per hour "special factor" enhancement:

> Plaintiff's counsel contends that her combination of social security litigation expertise and knowledge of the Vietnamese language is found almost exclusively in her firm. (Doc. No. 37-1 at 12.) Plaintiff also asserts that there was no attorney in San Diego besides his counsel who was willing to represent him without requesting an advanced payment of legal fees. (Id. at 14.) Plaintiff contends an enhancement is proper because there were no other attorneys that would represent him without an advance payment of legal fees. But that is not the standard for obtaining a special factor enhancement. Plaintiff must show that there were no other attorneys with the knowledge and skills at issue at the statutory rate. See Nadarajah, 569 F.3d at 912. The standard says nothing about the advanced payment of legal fees. As such, the Court declines to award Plaintiff a $50 "special factor" enhancement.

(Doc. No. 48 at 5-6.)

In his motion for reconsideration, Plaintiff argues that the Court should reconsider this portion of the Court's August 27, 2021 order because Plaintiff's new declaration demonstrates that he is able to meet the Nadarajah standard. (Doc. No. 49-1 at 3-8.) But Plaintiff's submission of this "new" declaration is improper. A motion for reconsideration may not be used present to evidence for the first time that reasonably could have been raised earlier in the litigation. Exxon Shipping, 554 U.S. at 486 n.5; Kona Enterprises, 229 F.3d at 890.

Plaintiff fails to adequately explain why he could not submit the information contained in his newly filed declaration when he filed his prior declaration that

accompanied his original motion for attorney's fees. Plaintiff states that at the time he submitted his prior declaration that was attached to his motion for attorney's fees, he was unclear about the Nadarajah standard and did not formulate his reasoning accordingly. (Doc. No. 49-1 at 3.) But ignorance of the law is not a proper basis for reconsideration of a prior decision or judgment. See Engleson v. Burling N. R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992) ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." (quotation marks omitted)); see, e.g., Williams v. Lujan, No. 16-CV-04290-HSG, 2018 WL 3861655, at *3 (N.D. Cal. Aug. 14, 2018) (rejecting plaintiff's claim of ignorance of the law as a basis for a motion for reconsideration). As such, Plaintiff's newly submitted declaration is not a proper basis for reconsideration of the Court's prior order. See Exxon Shipping, 554 U.S. at 486 n.5; Kona Enterprises, 229 F.3d at 890.

Plaintiff also moves for reconsideration of the Court's denial of his request that the payment of attorney's fees and costs be made directly to his counsel pursuant to an assignment agreement between them. (Doc. No. 49-1 at 8-12; Doc. No. 51 at 3-4.) In the August 27, 2021 order, the Court denied Plaintiff's request because Plaintiff had failed to establish that he met the requirements of the Anti-Assignment Act. (Doc. No. 48 at 7-8.)

In his motion for reconsideration, Plaintiff presents new evidence and new arguments in an attempt to establish that he has now met the requirements of the Anti-Assignment Act. (Doc. No. 49-1 at 8-9.) A motion for reconsideration may not be used to present evidence and argument for the first time that reasonably could have been raised earlier in the litigation. Exxon Shipping, 554 U.S. at 486 n.5; Kona Enterprises, 229 F.3d at 890. Nevertheless, even assuming that the Court may consider this "new" evidence and argument, Plaintiff has still failed to establish that he has met all the requirements of the Anti-Assignment Act. One of the requirements for satisfaction of the Anti-Assignment Act is that "a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). Plaintiff has not shown that a warrant for payment of the claim has been issued. Cf. United States v. Kim, 806 F.3d 1161, 1169–70 (9th Cir. 2015) ("Indeed, the Government concedes

that it is all but impossible for any assignment to comply with the strictures of the Anti–Assignment Act, because the Treasury no longer uses warrants. . . .  Thus, in modern practice, the obsolete language of the Anti–Assignment Act means that the Government has the power to pick and choose which assignments it will accept and which it will not.").  As such, Plaintiff has failed to demonstrate that he has satisfied the Anti-Assignment Act, and the Court again denies Plaintiff's request that the payment of attorney's fees and costs be made directly to his counsel.

In sum, Plaintiff has failed to provide a proper basis for reconsideration of the Court's August 27, 2021 order granting Plaintiff's motion for attorney's fees.  As a result, the Court denies Plaintiff's motion for reconsideration.

## Conclusion

For the reasons above, the Court denies Plaintiff's motion for partial reconsideration of the Court's August 27, 2021 order granting Plaintiff's motion for attorney's fees.

**IT IS SO ORDERED.**

DATED: November 8, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT